United States District Court
Southern District of Texas
**ENTERED**
August 10, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| CAVU MANGUM, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 6:19-CV-00062 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Cavu Mangum is an inmate in the Texas Department of Criminal Justice ("TDCJ") and is currently incarcerated at the Powledge Unit in Palestine, Texas. Proceeding *pro se*, Mangum filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on July 2, 2019, and an amended petition on August 21, 2019.[1] (D.E. 1, 9). In the amended petition, Mangum asserts claims of ineffective assistance of trial counsel and prosecutorial misconduct in four prior convictions, and also contends that these convictions were used to improperly enhance a later state sentence. Respondent

---

[1] Mangum stated under penalty of perjury that he placed the petitions in the prison mail system on these dates, and they are considered filed as of these dates. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases (discussing the mailbox rule).

filed a motion for summary judgment addressing the original July 2019 petition,[2] contending that the Court lacks jurisdiction to consider the § 2254 petition because Mangum is no longer in custody for the convictions he is challenging. (D.E. 15). Mangum has not responded. As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment be granted and Mangum's habeas corpus petition be dismissed for lack of jurisdiction. It is further recommended that a Certificate of Appealability ("COA") be denied.

I.   **BACKGROUND**

   a.   **State Court Records**

In March 2002, Mangum was indicted in case number 02-3-6531 for five counts of theft. (D.E. 16-19 at 25-26). He pleaded guilty to count one, which alleged theft of between $1,500 and $20,000, and was sentenced to a 10-year suspended sentence on community supervision. (*Id.* at 28-29). In July 2002, Mangum was indicted in case number 02-7-6625 for one count of theft of products valued at between $1,500 and $20,000. (D.E. 16-23 at 26). He pleaded guilty and was again sentenced to a 10-year suspended sentence on community supervision. (*Id.* at 28-29). The judgments in both cases, which indicated that both offenses were third-degree felonies, were entered on

---

[2] Although the Respondent's motion for summary judgment only explicitly addresses Mangum's initial petition from July 2019 and not the amended filing from August 2019, the two filings raise substantially the same claims and, for the purposes of the argument raised in the motion for summary judgment, any distinctions between the two do not affect the analysis. Thus, it is unnecessary to order the Respondent to re-file the motion to address the amended filing as it is plain from the amended petition that Mangum is not entitled to relief. *See* Rule 4 of the Rules Governing Section 2254 Proceedings.

August 8, 2002.

In July 2004, Mangum was indicted in case number 04-7-7063 for bail jumping and failure to appear. (D.E. 16-2 at 107). On the same day, he was charged in case number 04-7-7064 with another count of bail jumping and failure to appear. (*Id.* at 66). Mangum pleaded guilty to both offenses and, on October 19, 2009, was sentenced to 10 years' imprisonment on each, to run concurrently. (*Id.* at 101, 110). On the same day, his community supervision was revoked on his two prior theft offenses and the 10-year sentences of imprisonment commenced, also to run concurrently. (D.E. 16-19 at 45; D.E. 16-23 at 46).

In January 2015, Mangum was indicted in case number 15-1-9366 for a theft valued at between $20,000 and $100,000. (D.E. 16-2 at 32). The indictment included four enhancement paragraphs, one for each of Mangum's prior theft and bail jumping convictions, and noted that the offense had been enhanced to a second-degree felony. (*Id.*). Mangum pleaded guilty and was sentenced to 10 years' imprisonment. (*Id.* at 34).

In September 2018, Mangum filed four applications for a writ of habeas corpus in state court under Article 11.07 of the Texas Code of Criminal Procedure. In the first application, Mangum challenged his conviction in case number 15-1-9366. (D.E. 16-2 at 7-27). The state trial court recommended denying the application, and the Texas Court of Criminal Appeals ("TCCA") did so without a written order. (D.E. 16-1 at 1; D.E. 16-2 at 163).

In the second application, Mangum challenged his theft conviction in case number 02-3-6531. (D.E. 16-19 at 5-20). The state trial court recommended that Mangum

3

should be granted a new trial because the count that he pleaded guilty to was improperly classified as a third-degree felony rather than a state jail felony. (D.E. 16-18 at 41-42). However, on May 8, 2019, the TCCA dismissed the application because, while it was pending, Mangum discharged the sentence and was no longer "restrained in his liberty" as required to obtain relief. (D.E. 16-4 at 1-2).

In the third and fourth applications, Mangum challenged his theft conviction in case number 02-7-6625. (D.E. 16-23 at 5-21; D.E. 16-26 at 5-22). As in the previous application, the state trial court recommended that Mangum should be granted a new trial. (D.E. 16-22 at 5-6). On September 11, 2019, the TCCA dismissed the applications because, while they were pending, Mangum discharged the sentence and was no longer "restrained in his liberty" as required to obtain relief. (D.E. 16-20 at 1-2).

A TDCJ commitment inquiry showed that Mangum's sentences for the convictions he is currently challenging were discharged on the following dates: (1) January 28, 2019, for case number 02-7-6625; (2) April 2, 2019, for case number 02-3-6531; (3) April 7, 2019 for case number 04-7-7063; and (4) April 7, 2019, for case number 04-7-7064. (D.E. 15-1 at 2-4). Mangum remains in TDCJ custody for his later conviction in case number 15-1-9366. (*Id.* at 2).

    b.   **Petition and Claims**

Liberally construed, Mangum raises claims regarding his convictions for theft in case numbers 02-7-6625 and 02-3-6531, along with his convictions for jumping bail and failing to appear in case numbers 04-7-7063 and 04-7-7064. (D.E. 9 at 2, 12, 22). Mangum asserts claims of ineffective assistance of trial counsel and prosecutorial

4

misconduct, and also contends that these convictions were used to improperly enhance his later sentence in case number 15-1-9366. (*Id.* at 6-7, 16-17, 26-27).

## II. DISCUSSION

In her motion for summary judgment, Respondent argues that this Court lacks jurisdiction to consider Mangum's § 2254 petition because he discharged the sentences for these four convictions before he filed the petition. (D.E. 15 at 6-8). Specifically, Respondent argues that Mangum discharged the last of these sentences on April 7, 2019. (*Id.* at 6). Because the sentences have been discharged, Respondent contends that Mangum is no longer in custody for these convictions, which deprives this Court of jurisdiction. (*Id.* at 6-7). Finally, Respondent argues that Mangum cannot challenge the enhancement to his later sentence under these circumstances. (*Id.* at 7-8).

Mangum has not responded.

The writ of habeas corpus may not extend to a prisoner unless, in relevant part, he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). More directly, the federal courts may only consider an application for a writ of habeas corpus from a state prisoner on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). This is a jurisdictional requirement. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

While the "in custody" requirement has been liberally construed, it has not been extended to a situation where the "petitioner suffers no present restraint from a conviction." *Id.* at 492. The collateral consequences of a conviction are not enough to render someone "in custody." *Id.* When a second sentence is imposed, even if it has

been enhanced by prior convictions, it is under the second sentence that the petitioner is in custody. *Id.* at 492-93. He may not bring a federal habeas petition directed solely at the prior convictions he is no longer serving a sentence for. *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001). Moreover, "once a state conviction is no longer open to direct or collateral attack in its own right . . . the conviction is conclusively valid." *Id.* at 403. If that conviction is later used to enhance a sentence, the prisoner "generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403-04. The only recognized exception to this rule is where the prior conviction was obtained where the state court failed to appoint counsel in violation of the Sixth Amendment, although the Supreme Court left open the possibility of other exceptions. *Id.* at 404-06.

Here, Mangum's § 2254 petition challenges only convictions that he is no longer in custody for, and this Court accordingly lacks jurisdiction to consider his petition. Specifically, Mangum challenges his convictions in case numbers 02-7-6625, 02-3-6531, 04-7-7063, and 04-7-7064. (*See generally* D.E. 9). He finished serving all four of these sentences in early 2019, with the last two ending on April 7, 2019. (D.E. 15-1 at 2-4). He did not file his initial § 2254 petition in this case until July 2, 2019. (D.E. 1 at 10). Thus, this petition was filed when Mangum was no longer "in custody" as required under § 2254(a). *See* 28 U.S.C. § 2254(a); *Maleng*, 490 U.S. at 490-91.

To the extent that Mangum argues that his prior convictions were used to enhance the sentence in case number 15-1-9366, which he is currently serving, that fact is insufficient to bring a federal habeas petition directed solely at the prior convictions he is

6

no longer serving a sentence for. *Lackawanna*, 532 U.S. at 401. Moreover, Mangum's petition in this case does not specifically challenge his conviction in case number 15-1-9366, but he also has a pending § 2254 petition challenging that conviction in a separate case. (*See* D.E. 1 in case number 6:18-cv-00087).

### III. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Mangum has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court rejects the claims on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that this Court lacks jurisdiction because Mangum is no longer in custody for these convictions. Therefore, it is further recommended that any request for a COA be denied.

## IV. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 15) be GRANTED. Mangum's § 2254 petition should be DISMISSED for lack of jurisdiction. In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 7th day of August, 2020.

Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).