United States District Court
Southern District of Texas
**ENTERED**
February 11, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **CAVU MANGUM,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 6:19-cv-00062 |
| | § | |
| **LORIE DAVIS,** | § | |
| | § | |
| Respondent. | § | |

## ORDER ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the Memorandum and Recommendation ("M&R") signed by the Magistrate Judge on August 7, 2020. (Dkt. No. 20). In the M&R, the Magistrate Judge resolved Petitioner Cavu Mangum's ("Petitioner") Amended Petition for a Writ of Habeas Corpus by a Person in State Custody filed pursuant to 28 U.S.C. § 2254 ("Petition"), (Dkt. No. 9), and Respondent Lorie Davis's ("Respondent") Motion for Summary Judgment with Brief in Support ("Motion"), (Dkt. No. 15). (Dkt. No. 20). The Magistrate Judge recommended that Respondent's Motion be granted, Petitioner's Petition be dismissed for lack of jurisdiction, and any request for a Certificate of Appealability be denied.[1] (*Id.* at 8).

---

[1] Specifically, the Magistrate Judge found that Petitioner's "[P]etition challenges only convictions that he is no longer in custody for, and this Court accordingly lacks jurisdiction to consider his [P]etition." (Dkt. No. 20 at 6). The Magistrate Judge also found that, "[t]o the extent that [Petitioner] argues that his prior convictions were used to enhance the sentence in case number 15-1-9366, which he is currently serving, that fact is insufficient to bring a federal habeas petition directed solely at the prior convictions he is no longer serving a sentence for." (*Id.* at 6–7). The Magistrate Judge then noted that Petitioner's "[P]etition in this case does not specifically challenge his conviction in case number 15-1-9366 . . . ." (*Id.* at 7). Indeed, the Court recently addressed Petitioner's separate petition challenging his conviction in case number 15-1-9366. *See Mangum v. Davis,* No. 6:18-CV-00087, 2021 WL 40324, at *2 (S.D. Tex. Jan. 5, 2021) (accepting Magistrate Judge's recommendation that Respondent's motion for summary judgment be granted and Petitioner's petition be dismissed).

Mangum was provided proper notice and the opportunity to object to the proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1); General Order No. 2002-13. The deadline for Mangum to file objections was fourteen days after being served with a copy of the M&R. 28 U.S.C. § 636(b)(1).

On August 25, 2020, Petitioner mailed a Response, which was filed on August 28, 2020. (Dkt. No. 22). His Response, however, did not address the findings and recommendations contained in the M&R.[2] (Dkt. No. 22). In its October 2, 2020 Order, the Court ordered Petitioner "to file objections, if any, addressing the M&R's findings and recommendations no later than October 16, 2020." (Dkt. No. 23). Mangum subsequently sent a letter in which he again failed to raise objections to the findings and recommendations in the M&R.[3] (Dkt. No. 24). As a result, Mangum forfeited his right to this Court's review.[4] *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*,

---

[2] In his Response, Petitioner failed to object to the M&R's central finding—that the Court lacks jurisdiction to consider his Petition because he was no longer in custody for the convictions he challenged in his Petition. (Dkt. No. 22). Instead, Petitioner makes a plethora of statements in his Response, none of which address whether the Court has jurisdiction to consider his Petition. (*Id.*).

[3] In his letter, Mangum acknowledged that the Court "ordered [him] to file objections addressing the M&R's findings," but that "he has no legal training or ability to even file what the [C]ourt is wanting." (Dkt. No. 24). In closing, Petitioner stated he "just want[s] to pay the restitution and move forward with [his] life." (*Id.*).

[4] The Court notes that the comment to Rule 72 of the Federal Rules of Civil Procedure suggests that a court must review a magistrate's report and recommendation for "clear error" when no proper objection is made. FED. R. CIV. P. 72(b) advisory committee's note to 1983 addition. But that same advisory comment states that Rule 72 is inapplicable in the habeas corpus context. *See id.* ("This rule does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Nara v. Frank*, 488 F.3d 187, 195 (3d Cir. 2007) (finding that Rule 72(b) "is inapplicable to habeas corpus cases" (citing FED. R. CIV. P. 72(b) advisory committee's note to 1983 addition); *U.S. ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1011 n.1 (7th Cir. 1987) (finding that Rule 72(b) "does not apply to habeas corpus actions" (citing FED. R. CIV. P. 72(b) advisory committee's note to 1983 addition); *Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1449 (9th Cir. 1989) ("Rule 72(b) does not apply to habeas corpus petitions filed under 28 U.S.C. § 2254."). Rather, Rule 8 of the rules governing AEDPA cases provides instructions on the timely filing of objections which in relevant part mirror 28 U.S.C. § 636(b)(1)(C). *Compare* Rule 8, Rules Governing Section 2254 Cases ("Within 14 days after being served, a party may file objections as provided by local court rule. The judge must determine de novo any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify

(continue)

474 U.S. 140, 149, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1); *McGill v. Goff*, 17 F.3d 729, 732 (5th Cir. 1994), *overruled on other grounds*, *Kansas Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1373–74 (5th Cir. 1994); *Scott v. Alford*, 62 F.3d 395, 1995 WL450216, at *2 (5th Cir. 1995) (unpublished).

Accordingly, the M&R is **ACCEPTED** as this Court's Memorandum and Order. Respondent's Motion for Summary Judgment is **GRANTED**, Petitioner's Petition is **DISMISSED** for lack of jurisdiction, and any request for a Certificate of Appealability is **DENIED**.

It is SO ORDERED.

SIGNED this February 10, 2021.

                                                          **DREW B. TIPTON**
                                          **UNITED STATES DISTRICT JUDGE**

---

any proposed finding or recommendation."), *with* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Thus, this Court considers only Rule 8 and § 636(b)(1)(C) in weighing the effect of a failure to timely object to an M&R.